UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| H & S MACHINERY CORPORATION | CIVIL ACTION |
| VERSUS | NO. 15-3924 |
| DOOSAN INFRACORE AMERICA CORPORATION | SECTION "C" (5) |

ORDER

IT IS ORDERED that the plaintiff's motion to expedite the motion for preliminary injunction is PARTIALLY GRANTED and PARTIALLY DENIED.  Rec. Doc. 7.  Subject matter jurisdiction has not been established.  Although the information in the verified state court petition and otherwise supplied by the plaintiff in memoranda to date may bear on the issue of gross sales, it is not determinative of the issue of damages or irreparable harm.  In addition, in the motion for preliminary injunction, the plaintiff relies on a single case involving a post-trial permanent injunction for the broad proposition that a provision in state law can override the requirements of Fed.R.Civ.P. 65 with regard to the issuance of a temporary restraining order or preliminary injunction and the attendant requirement that irreparable harm be demonstrated.  Rec. Doc. 6-1 at fn 1.  These issues must be directly addressed by the plaintiff and supported by competent proof in supplemental memoranda filed by September 11, 2015, at 9:00 a.m.  Any opposition to the motion for preliminary injunction shall be filed by

September 14, 2015, at noon, at which time the motion for preliminary injunction shall be taken under submission on the briefs.

IT IS FURTHER ORDERED that the state court temporary restraining order shall remain in effect until September 16, 2015, at 4:30 p.m. Although it is unclear from the state court order itself how long the state court temporary restraining order was to remain in effect, it appears that September 16, 2015, was the designated termination date and this Court will adopt that deadline for present purposes. Rec. Doc. 1-1.

IT IS ORDERED that the September 30, 2015, deadline previously imposed on both parties for the submission of memoranda directed to the issue whether the jurisdictional minimum existed at the time of removal is RESET to September 10, 2015, at 4:30 p.m. Again, the parties can not consent to subject matter jurisdiction, but can cooperate in the expedited exchange of discovery pertaining to that issue.

IT IS FURTHER ORDERED that the parties confer and discuss whether this matter can be amicably resolved.

New Orleans, Louisiana, this 8th day of September, 2015.

                                                     HELEN G. BERRIGAN
                                                   UNITED STATES DISTRICT JUDGE