UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| H & S MACHINERY CORPORATION | CIVIL ACTION |
| VERSUS | NO. 15-3924 |
| DOOSAN INFRACORE AMERICA CORPORATION | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion for preliminary injunction filed by the plaintiff, H & S Machinery Corporation. ("H&S"). Having reviewed the record, the memoranda of counsel and the law, the Court has determined that a preliminary injunction should not issue for the following reasons.

In order to be entitled to a preliminary injunction, the plaintiff must show (1) a substantial likelihood that it will prevail on the merits; (2) a substantial threat that it will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the party whom it seeks to enjoin; and (4) granting the preliminary injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195-196 (5th Cir. 2003). Here, the plaintiff has failed to meet any of the four requirements for the issuance of the preliminary injunction.

The plaintiff argues that the Louisiana statutory regime entitled "Repurchase of Farm, Industrial and Lawn and Garden Equipment by Wholesaler Act" ("Repurchase

Act") applies to its agreement with the defendant. Its argument ignores statutory language that undermines this argument, as well as specific case law that rejects it, falling far from the threshold showing that a substantial likelihood of success on the merits exists. *Id.; Flick Distributing LLC v. Allied Air Enterprises, Inc.*, 2010 WL 1838629 (E.D.La.).

In addition, irreparable harm has not been established given the availability of monetary damages and absence of a coherent argument that the Louisiana statutory provision overrides the requirements of Fed.R.Civ.P. 65. Finally, the plaintiff's argument regarding the last two requirements for a preliminary injunction conveniently ignores the fact that the parties' agreement specifically provides "[e]ither party may terminate this Letter of Understanding, at any time for any reason whatsoever, by giving the other party at least 30 days prior written notice sent electronically or by any delivery service company." This Court finds that the issuance of a preliminary injunction under circumstances that may run afoul of clear contract language carries the potential for damage to the defendant and disserves the public interest.

This Court recognizes that the state court issued a temporary restraining order with virtually no bond prior to removal. Nonetheless, it finds that federal procedure and jurisprudence do not support the issuance of a subsequent preliminary injunction.

Accordingly,

IT IS FURTHER ORDERED that the motion for preliminary injunction filed by H&S Machinery Corporation id DENIED. Rec. Doc. 6.

New Orleans, Louisiana, this 16th day of September, 2015.

        HELEN G. BERRIGAN
        UNITED STATES DISTRICT JUDGE